UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 10-CV-61623 |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| ROBERT S. SHENKER, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**PETITION FOR JUDICIAL APPROVAL
OF LEVY UPON PRINCIPAL RESIDENCE**

The United States of America petitions the Court for an order approving an administrative levy by the Internal Revenue Service upon the residence of taxpayer Robert S. Shenker ("Shenker") to satisfy his unpaid income tax liabilities for tax years 1997, 2000, 2001, 2002, 2003, 2004 and 2005. In support of this petition, the United States submits the accompanying declaration and avers the following:

1. This proceeding is brought at the direction of the Attorney General of the United States and at the request and with the consent of the Chief Counsel of the Internal Revenue Service.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1340 and 26 U.S.C. § 6334(e)(1) and 7402(a).

3. 26 U.S.C. § 6331 authorizes the Internal Revenue Service to levy upon all property or rights to property of a taxpayer in order to collect an unpaid tax liability.

26 U.S.C. § 6334, as is pertinent here, exempts from administrative levy by the Internal Revenue Service property used as a principal residence of the taxpayer, unless such levy is to satisfy a liability that exceeds $5,000 and is approved, in writing, by a United States District Court Judge or Magistrate Judge.  *See* 26 U.S.C. §§ 6334(a)(13)(B) & 6334(e)(1).

4. To obtain approval from the Court, the United States must demonstrate that:

   a. the liability is owed;

   b. the requirements of any applicable law or administrative procedure relevant to the levy have been met; and,

   c. no reasonable alternative for the collection of the taxpayer's debts exists.[1]

5. By this petition, the United States seeks approval for the Internal Revenue Service to levy upon Shenker's interest in the real property located at 1501 SW 134 Way, Apartment 108D, Pembroke Pines, Florida 33027 and described more fully as:

   > CONDOMINIUM  PARCEL NO. 108 BUILDING "D" OF IVANHOE WEST AT CENTURY VILLAGE CONDOMINIUM #III, A CONDOMINIUM ACCORDING TO THE DECLARATION THEREOF, RECORDED IN OFFICIAL RECORDS BOOK 14475, PAGE 228, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA

6. The real property described above is Shenker's principal residence and is within the jurisdiction of this Court.

7. On the dates set forth below, a delegate of the Secretary of the Treasury made assessments against Shenker for unpaid federal income taxes, penalties, and interest in the amounts shown on the following table:

---

[1] The only decisional guidelines provided by Congress are contained in the legislative history of sections 3401 and 3455 of the Internal Revenue Service Restructuring and Reform Act of 1988.  *See* H. Conf. Rep. 105-599, 105th Cong., 2d Sess. 267.  The legislative history also provides that, before seizing a principal residence, the Internal Revenue Service is to "exhaust all other payment options," including installment agreements, offers-in-compromise, and the seizure of other assets of the taxpayer.  S. Rep. 105-174, 105th Cong., 2d Sess. 86-87.

| Tax Period | Assessment Date | Tax | Penalty * | Penalty** | Penalty*** | Interest |
|---|---|---|---|---|---|---|
| 1997 | 9/29/2003 | 27,131.00 | 1,041.50 | 4,525.42 | 5,028.25 | 11,731.37 |
| 2000 | 9/29/2003 | 18,471.00 | 247.59 | 1,347.97 | 898.65 | 1,123.70 |
| 2000 | 8/21/2006 | | | | 599.09 | |
| 2001 | 7/18/2005 | 23,734.00 | 657.70 | 3,899.70 | 3,466.40 | 3,820.18 |
| 2001 | 8/21/2006 | | | | 866.60 | |
| 2002 | 9/12/2005 | 40,539.00 | 921.75 | 6,497.78 | 3,176.69 | 4,234.42 |
| 2002 | 11/7/2005 | | | | 1,299.56 | |
| 2003 | 9/25/2006 | 43,044.00 | 1,033.00 | 8,964.90 | | |
| 2003 | 8/20/2007 | | | | 9,961.00 | |
| 2004 | 9/25/2006 | 6,369.00 | 39.00 | 412.98 | | |
| 2005 | 9/8/2008 | 12,857.93 | 234.12 | 1,471.26 | 948.14 | 1,483.32 |

\* Failure to pre-pay tax penalty
\*\* Late filing penalty
\*\*\* Late payment penalty

8. The assessments described above were determined by the Internal Revenue in accordance with 26 U.S.C. § 6020(b) due to Shenker's failure to file federal income tax returns for tax years 1997 and 2000 through 2005.

9. Notice of the assessments described above, and demand for payment thereof, were duly made to Shenker as provided for by law. Despite notice and demand for payment, Shenker failed to pay in full the foregoing assessed liabilities and remains indebted to the United States. As of August 31, 2010, there is due and owing from Shenker for the assessed liabilities described in paragraph 7, the sum of $252,131.29 plus interest, penalties, and all statutory additions thereafter, as provided by law.

10. In seeking to collect the tax liabilities described in paragraph 7 above, the Internal Revenue Service has followed all requirements of applicable law and administrative procedure relevant to the levy on the subject property.

11. The Internal Revenue Service has attempted to satisfy Shenker's unpaid liability described above from assets other than the subject property to no avail.  Specifically, Shenker has not responded to a summons issued for financial information or to an appointment letter.   Shenker also failed to file corrected tax returns for the tax years at issue, despite given the opportunity to do so.  Moreover, Shenker was given the opportunity to resolve the outstanding tax liability, advised that seizure was the next planned action, and given information on how to avoid the seizure action.  The Internal Revenue Service even extended the time for Shenker to resolve his tax debt before initiating any seizure action.  Despite its efforts, Shenker has refused or failed to cooperate.   Thus, no reasonable alternative exists to satisfy that liability.

WHEREFORE, the United States prays that:

A. The Court enter the attached order to show cause; and

B. If no written objection to this petition is filed with the Clerk of the  Court within 25 days from the date of service of the order to show cause, the Court enter an order approving the administrative levy on the property described in paragraph 5, to be executed by any authorized officer of the Internal Revenue Service; and

C. If a written objection to the petition is filed with the Clerk of the Court, that the Court set a hearing date for this matter, at which the objections raised shall be considered and after which the Court may enter a further

order approving the administrative levy on the subject property, to be executed by any authorized officer of the Internal Revenue Service.

                Respectfully submitted,

                WILFREDO FERRER
                United States Attorney

By:    *s/Pascale Guerrier*
                Pascale Guerrier
                Trial Attorney, Tax Division
                U.S. Department of Justice
                P.O. Box 14198
                Ben Franklin Station
                Washington, D.C.  20044
                Telephone:  (202) 353-1978
                Telecopier:  (202) 514-4963
                E-mail:Pascale.Guerrier@usdoj.gov